Richard T. Haefeli, Esq. Informal Opinion Village Attorney No. 98-41 Village of Westhampton Beach P. O. Box 1112 Westhampton Beach, N Y 11978
Dear Mr. Haefeli:
You have requested our opinion regarding provisions of the Village Law governing the terms of the chairs and members of the zoning board of appeals and the planning board. First, taking into consideration the provisions of your Village's Code and provisions of State law, you seek our advice as to certain appointments to serve as the chairs of the zoning board of appeals and the planning board and whether certain members of these boards were appointed properly.
Our first conclusion is that the designation in 1996 of a member of your zoning board of appeals as chair for a term of three years was not consistent with State law. We emphasize that this question only relates to the chair designation, not to underlying membership on the board. Your Village acted under a provision of its Code, adopted in 1989, providing for the designation of the chair of the zoning board of appeals for a term of three years. The designation itself was lawful but due to a 1991 change in State law, the member serves as chair at the pleasure of the appointing authority. In 1991, section 7-712(2) of the Village Law was amended (L1991, ch 692, § 5) to eliminate the three-year term of the designation of a member as chair. Under the 1991 amendment, the appointing authority was required to appoint a chair but no term was set. In 1996, the appointing authority was changed by law but there continued to be no term for the designation of a member as chair. L1996, ch235, § 16. Current law provides no term. Therefore, the designation by the appointing authority in 1996 of a member of your zoning board of appeals as chair for a term of three years was not entirely consistent with State law. State law provides no term. Where provisions of law do not specify a term, the appointee serves at the pleasure of the appointing authority. Op Atty Gen (Inf) Nos. 96-19, 88-33. Thus, while the designation was valid (assuming it complied with other provisions of State law), the designee serves as chair at the pleasure of the appointing authority, permitting replacement of the designee as chair at any time.
We note that the mayor is authorized to remove, after a public hearing, a member of the zoning board of appeals for cause and for non-compliance with requirements for attendance and training established by the board of trustees by local law. Village Law § 7-712(9). This does not by its terms apply to the designation of a member as chair. Obviously, a board member removed under this provision would no longer serve as chair.
Your next question relates to the tenure of the chair of your planning board. This question also only relates to the chair deisgnation, not to membership on the board. We conclude that the chair serves under the provisions of your Village Code, adopted in 1990, for a three-year term. You informed us that unlike the previously cited provisions of the 1989 Code, this Code provision specifically superseded section 7-720 of the prior Village Law, which related to the designation of a member of the planning board as chair, to the extent that the provisions were in conflict. The Village relied upon section 10(1)(ii)(e)(3) of the Municipal Home Rule Law which authorizes village boards to enact local laws, subject to exceptions not relevant here, amending or superseding provisions of the Village Law provided they are acting within the scope of their home rule authority. In prior opinions of this office, we have concluded that village and town boards may utilize their authority to amend or supersede provisions of the Village or Town Law to modify the structure of planning boards and zoning boards of appeals and regarding the terms and conditions of employment of local officials including their terms of office. 1987 Op Atty Gen (Inf) 117; 1986 Op Atty Gen (Inf) 128; Municipal Home Rule Law § 10(1)(ii)(a)(1). In our view, having exercised its supersession authority regarding the term of the chair of the planning board, the Village effectively has opted out from being governed by provisions of the Village Law. Later amendments to State law would not affect this action because supersession represents action by the Village pursuant to State law to apply locally enacted provisions in place of provisions of State law. Therefore, we conclude that the member of your planning board designated as chair lawfully serves for a three-year term as chair under the Village Code.
Next, you have asked whether certain members of the zoning board of appeals and planning board were appointed properly. These questions relate to actual membership on the boards. Your letter states that a person (hereafter A) was appointed as a member of the zoning board of appeals on August 9, 1991 for a term expiring on September 14, 1996. Believing A's term ended on that date, the appointing authority appointed a different person (hereafter B) on September 20, 1996 for a term to expire on May 31, 2001. You inquire whether B was appointed properly or is a holdover. In our view, B was not appointed in accordance with State law. Nor was he a holdover. We conclude that the appointment was void at its inception and the person serves as a de facto officer, as at the time of B's appointment, there was no authority to make an appointment. Section 7-712(4) provides that members of the village zoning board of appeals serve for terms expiring at the end of the village's official year. Under section 7-712(5), the terms of members holding office for terms which do not expire at the end of the official year, upon expiration, are extended to the end of the official year. L1992, ch 248. Therefore, A's term, which purportedly expired on September 14, 1996, should have been extended by operation of law through May 31, 1997, the end of your village's official year. Thus, the appointment of B on September 20, 1996, upon the village's assumption that A's term had ended, was void at its inception. B serves as a de facto officer and may be replaced. We note that actions of a de facto officer are valid. Op Atty Gen (Inf) Nos. 96-18, 88-5. The next appointee will serve for the balance of the current term, which will expire at the end of the village's official year in accordance with section 7-712(4) of the Village Law. (Section 7-712[4] provides for staggering of initial terms and subsequent appointment for terms equal in years to the number of members of the board.)
Finally, you inquire whether a member of the planning board was appointed properly. You have stated that a person's (hereafter D) term on the planning board expired on February 1, 1997 but he resigned on September 13, 1996. A person (hereafter E) was appointed on September 20, 1996 for a term to expire on May 31, 2001. You inquire whether E was appointed properly and, if not, whether he serves as a holdover and may be replaced by the Mayor. Section 7-718(5) of the Village Law (applicable at time of expiration of D's term) provides that the terms of members holding office which do not expire at the end of the Village's official year are extended by operation of law until the end of the official year. Vacancies are filled for the balance of unexpired terms. Village Law § 7-718(8). Therefore, D's term was extended until May 31, 1997, the end of your Village's official year. Under section 7-718(8), upon D's resignation E should have been appointed to fill the vacancy created for the balance of D's term or until May 31, 1997. Therefore, we conclude that the appointment was valid (assuming it otherwise met the requirements of law) in that E was appointed following a resignation to fill a vacancy but E's term expired on May 31, 1997, at which time a new appointment could be made. E is now a holdover who may be replaced.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions